IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS S. BYRD, | ) | |
| Plaintiff | ) ) ) | |
| v | ) ) | Case No. 13-1021 |
| DR. SHA, LOIS MATHES, AND SANDRA FUNK, | ) ) ) ) | |
| Defendants | ) | |

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter is now before the Court on a Motion for Summary Judgment by Defendants Mathes and Funk. For the reasons set forth below, Defendants' Motion for Summary Judgment [16] is GRANTED.

**DISCUSSION**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff is a former inmate within the Illinois Department of Corrections who has filed an action pursuant to 42 U.S.C. § 1983 challenging an alleged denial of medical care while he was housed at Hill Correctional Center. Defendants argue in their Motion for Summary Judgment that prior to bringing suit, Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he

or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Here, Defendants attached the Affidavit of Gina Allen, an Administrative Review Board (ARB) Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections (IDOC), which provides that Allen searched Plaintiff's ARB records and found no timely grievances filed within 60 days of Plaintiff's transfer from Hill Correctional Center on March 23, 2011. Rather, the first grievance received alleging the denial of medical treatment upon his transfer from Hill Correctional Center is dated 11/21/2012 (naming only Dr. Shea and Ms. Mathes). This grievance was returned as untimely on December 12, 2012. Byrd filed a second grievance raising the same issue on January 21, 2013. It is clear from the language of his grievances that he did not file any written grievance on this issue prior to November 21, 2012.

The Court therefore finds that Plaintiff did not properly and fully exhaust the contested issues in this case before filing his lawsuit on January 10, 2013. Therefore, the question is whether administrative remedies were truly "available" to Plaintiff. 42 U.S.C. § 1997e(a). The PLRA, does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the "availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009), (*quoting Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). For example, prison officials who engage in affirmative misconduct, *Dole v.*

*Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), or fail to respond to grievances, render the grievance process unavailable to an inmate. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Here, the record indicates that Plaintiff has properly submitted grievances in accordance with IDOC's administrative rules on other occasions. This establishes that Plaintiff was more than capable of availing himself of the grievance process in a timely and proper manner on various issues but did not do so on this occasion. Ultimately, the Court finds that Plaintiff's administrative remedies were truly available to him, and that he simply failed to submit a grievance pertaining to the issues alleged in his Complaint "in the place, and at the time, the prison's administrative rules require." *See Pozo*, 286 F.3d at 1025. Defendants Mathes and Funk are accordingly entitled to summary judgment on the issue of exhaustion, and they are hereby terminated as parties to this action.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment on the issue of exhaustion is GRANTED [16].**

2) **As Defendant Shea has not moved for summary judgment, this action will proceed against Defendant Shea only.**

ENTERED this 10th day of March, 2014.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
